**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DALLAS ANTHONY WUEBBELS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AARON MORGAN,**<br>**SCOTT ROSE, and**<br>**LUCAS DILLON,**<br><br>**Defendants.** | **Case No. 26-cv-00546-SPM** |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Dallas Wuebbels, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights during his arrest on June 4, 2025. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges the following: On June 4, 2025, Plaintiff was driving a stolen pickup truck through Fairview Heights, Illinois. (Doc. 1, p. 6). A Fairview Heights police officer pulled his vehicle behind Plaintiff's pickup truck in an attempted to initiate a traffic stop, and Plaintiff sped

away at "a high rate of speed" in an "attempt to evade law enforcement." (*Id.*). As some point, Lucas Dillon, a Caseyville police officer, changed positions with the Fairview Heights police officer and began pursuing Plaintiff. (*Id.*). Plaintiff continued driving at high speeds. (*Id.*). Sauget police officers Aaron Morgan and Scott Rose also joined the pursuit. (*Id.*). Plaintiff drove into St. Louis, Missouri and turned down a residential street. (*Id.*). One of the officers from Sauget then drove the police vehicle into the back of Plaintiff's stolen vehicle causing Plaintiff to crash into a parked car. (*Id.*). The crash caused Plaintiff to have blurred vision, and his ears were ringing. (*Id.*). He believes he had suffered a concussion from the accident. (*Id.*). Plaintiff then leaned out the driver-side window, which was rolled down, with his hands raised high and yelled, "I'm done, I'm done," and "you've got me," and "don't shoot me." (*Id.*).

Although Plaintiff does not remember exiting the vehicle, the officer's report states that Plaintiff was instructed by the offices to climb out the driver-side window, and Plaintiff does not dispute this portion of the report. (Doc. 1, p. 7). Plaintiff then stood outside the stolen vehicle with his hands raised above his head. (*Id.*). Officers approached Plaintiff with their weapons drawn. (*Id.*). One of the officers spoke to Plaintiff, but he could not hear the officer because his ears were still ringing from the car crash. (*Id.*). Officer Morgan then deployed his stun and that prompted Officer Rose to also deploy his stun gun. (*Id.*). Plaintiff was tased for approximately ten seconds. (*Id.*). While Morgan and Rose deployed their tasers, Officer Dillon kept his weapon pointed at Plaintiff and did not intervene or instruct Officers Morgan and Rose not to apply force. (*Id.*).

## DISCUSSION

Based on the allegations and Plaintiff's articulation of his claims in the Complaint, the Court designates the following counts:

**Count 1:** Fourth Amendment claim against Morgan and Rose for using unreasonable force against Plaintiff during his arrest on June 4, 2025.

**Count 2:** Fourth Amendment claim against Dillon for failing to intervene in the use of unreasonable force by Morgan and Rose against Plaintiff during his arrest on June 4, 2025.

**Count 3:** Illinois state law claim for intentional infliction of emotional distress against Morgan and Rose.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

A claim that excessive force was used by a police officer against a citizen is analyzed under the Fourth Amendment, which prohibits unreasonable searches and seizures of the person. *United States v. Collins*, 714 F.3d 540, 543 (7th Cir. 2013) (citing *Graham v. Connor,* 490 U.S. 386, 394–95 (1989); *Marion v. City of Corydon, Indiana*, 559 F.3d 700, 705 (7th Cir. 2009)). "Whether the force used to effect a seizure is excessive depends on the totality of circumstances under an objective reasonableness standard." *Marion*, 559 F.3d at 705. As the Seventh Circuit explained in *Graham v. Connor*, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* (quoting *Graham*, 490 U.S. at 397). Further, the Seventh Circuit has held that "even though it is generally nonlethal, the use of a taser 'is more than a *de minimis* application of force.'" *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706 (7th Cir. 2013) (quoting *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009)). At this early stage, the Complaint suggests that Defendants Rose and Morgan subjected Plaintiff to unreasonable force when they tased Plaintiff on June 4, 2025, after he had placed his hands in the air and was not resisting arrest. *See Abbott*, 705 F.3d at

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

727. Accordingly, Plaintiff shall be allowed to proceed with Count 1 against Rose and Morgan.

Plaintiff also brings a failure to intervene claim against Defendant Dillon. Under certain circumstances, "a state actor's failure to intervene renders him or her culpable under § 1983." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). A plaintiff asserting a failure to intervene claim under Section 1983 against an officer who was present when the plaintiff's constitutional rights were violated by a different officer must show that the officer had reason to know that excessive force was being used, and the officer had a "realistic opportunity to intervene to prevent the harm from occurring." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005) (quoting *Yang*, 37 F.3d at 284)). While Plaintiff's allegations against Dillon lack detail, at this stage, Plaintiff may proceed with Count 2 against Dillon. *See Stewardson v. Biggs*, 43 F.4th 732 (7th Cir. 2022) ("[w]hether an officer had sufficient time to intervene…is generally an issue for the trier of fact" (quoting *Abdullahi*, 423 F.3d at 736)).

Plaintiff's state law claim against Morgan and Rose for intentional infliction of emotional distress, however, will be dismissed. Under Illinois law, to state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) the defendants engaged in extreme and outrageous conduct; (2) the defendants either intended to inflict severe emotional distress or knew there was a high probability that their conduct would cause severe emotional distress; and (3) the defendants' conduct in fact caused severe emotional distress. *McGreal v. Vill. of Orland Park*, 850 F.3d 308, 314 (7th Cir. 2017). *See also Bailey v. City of Chicago*, 779 F.3d 689, 696–97 (7th Cir. 2015); *Schiller v. Mitchell*, 828 N.E.2d 323, 333 (Ill. App. Ct. 2005) (citing *Pavlik v. Kornhaber*, 761 N.E.2d 175 (Ill. 2001)).

In light of the facts and circumstances, as pled by Plaintiff, the Court finds that he has not stated a claim for intentional infliction of emotional distress. Fleeing from police officers at high speeds in a vehicle recklessly endangers the lives of civilian drivers and passengers, pedestrians,

and law enforcement. *See Welch v. United States*, 604 F.3d 408, 416 (7th Cir. 2010) (discussing why fleeing an officer in a vehicle constitutes a violent felony under state law). Thus, while tasing Plaintiff at the conclusion of the car chase may have been unlawfully excessive, "that alone does not make [the conduct] extreme and outrageous." *Carr v. Vill. of Richmond*, No. 96 C 50203, 1996 WL 663921, at *8 (N.D. Ill. Nov. 15, 1996) (no IIED claim where defendant held the plaintiff against a wall, slammed her against the trunk of the police vehicle, grabbed her ponytail, and threw her into the squad car during the arrest). Other than the facts suggesting that the use of tasers may have been unreasonable, there is nothing in the Complaint from which the Court can plausibly infer that Defendants' actions were truly outrageous and intended to inflict severe emotional distress. Count 3 is therefore dismissed.

## DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** shall proceed against Morgan and Rose. **COUNT 2** shall proceed against Dillon. **COUNT 3** is dismissed without prejudice.

The Clerk of Court shall prepare for Morgan, Rose, and Dillon: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Because this suit addresses claims involving bodily harm, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance

Portability and Accountability Act.

**Pursuant to Local Rule 8.2(b), Defendants need only respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that at the time his application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and (if applicable) his or her attorney were deemed to have entered into a stipulation that any unpaid costs taxed against the applicant shall be paid from any recovery secured in the action.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 23, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.